IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00345-BNB

GABRIELE GUNDLACH,

    Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO, et al.,
CITY AND COUNTY OF BOULDER, CO.,
JEFF CAHN,
DAVID ARCHULETA,
KAROLYN VAL QUEVLI, and
JUDICIAL COURTS OF STATE OF COLORADO, Also Traded as Boulder County
    Court/Boulder,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Gabriele Gundlach, has filed *pro se* a Prisoner Complaint pursuant to a variety of federal statutes including 42 U.S.C. § 1983 alleging that her rights have been violated. Ms. Gundlach currently is confined at the Colorado Mental Health Institute at Pueblo, Colorado. She alleges that she previously was detained at the Boulder County Jail in Boulder, Colorado, and it appears that three cases are pending against her in state court in Boulder County.

    The Court must construe the Prisoner Complaint liberally because Ms. Gundlach is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id*.  For the reasons discussed below, Ms. Gundlach will be ordered to file an amended complaint if she wishes to pursue her claims in this action.

The Court has reviewed the Prisoner Complaint and finds that Ms. Gundlach has failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Gundlach fails to provide a short and plain statement of her claims showing

that she is entitled to relief in this action. Ms. Gundlach describes various interactions with law enforcement personnel in Boulder County but she does not assert any claims for relief against the law enforcement personnel and they are not listed as Defendants in the Prisoner Complaint. The individuals named as Defendants in the Prisoner Complaint are described as state court judges, but it is not clear how those Defendants are related to the factual allegations in the Prisoner Complaint or what claims are being asserted against them. It also is not clear what claims are being asserted against the other named Defendants. Therefore, Ms. Gundlach will be ordered to file an amended complaint that includes a short and plain statement of each claim she is asserting if she wishes to pursue her claims in this action.

In order to state a claim in federal court, Ms. Gundlach "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). As a result, it is not sufficient for Ms. Gundlach to assert that she is raising the same claims presented in other federal court actions and expect the court and Defendants to determine what claims in those other actions may be relevant to the instant action.

In addition, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*,

526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Ms. Gundlach should name as Defendants in her amended complaint only those persons that she contends actually violated her federal constitutional rights. Accordingly, it is

ORDERED that Ms. Gundlach file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Ms. Gundlach shall obtain the court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Gundlach fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 26, 2012, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge